SECURITIES INVESTOR PROTECTION CORPORATION, Applicant-Appellee,

v.

EXECUTIVE SECURITIES CORPORATION, Defendant-Appellant.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,

v.

EXECUTIVE SECURITIES CORPORATION et al., Defendants-Appellants.

Nos. 948, 949, Dockets 77–6005, 77–6009.

United States Court of Appeals, Second Circuit.

Heard May 4, 1977.

Decided May 20, 1977.

[black rectangle]

John W. Barnett, New Haven, Conn. (J. Drake Turrentine, Wiggin & Dana, New Haven, Conn., of counsel), for claimant-appellant Yale.

Thomas C. O'Keefe, New York City (Stephen W. Greiner, Lawrence S. Leibowitz, Wilkie Farr & Gallagher, New York City, of counsel), for claimant-appellant Shearson Hayden Stone, Inc.

Grant S. Lewis, New York City (Kimba Wood Lovejoy, Leboeuf, Lamb Leiby & MacRae, New York City, of counsel), for trustee-appellee.

Theodore H. Focht, Gen. Counsel, Securities Investor Protection Corp., Washington, D. C., for applicant-appellee Securities Investor Protection Corp.

Cadwalader, Wickersham & Taft, New York City (John J. Walsh, New York City, of counsel) on brief, for Columbia University as amicus curiae.

Before WATERMAN and GURFEIN, Circuit Judges, and BLUMENFELD, District Judge.*

**PER CURIAM:**

Yale University and Shearson Hayden Stone, Inc. appeal from an order of the district court, 423 F.Supp. 94 (S.D.N.Y. 1976), affirming the decision of the bankruptcy judge denying appellants preferential status as "customers" under the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa et seq. Appellants entered into secured loan agreements with Executive Securities Corporation, a broker-dealer, whereby they lent securities to Executive in return for cash collateral equal to the market value of the shares. Each party retained the right to "mark to market," that is, on one day's notice, appellants could demand additional cash if the market value of the shares had increased. Similarly, Executive could demand a return of cash collateral if the value of the securities declined.

Appellants argue that they are "customers" of Executive within the literal meaning of § 6(c)(2)(A)(ii) of the Act, 15 U.S.C. § 78fff(c)(2)(A)(ii), and are therefor entitled to the Act's protection.[1] We have, however, previously rejected such a literal application of the statute in S. E. C. v. F. O. Baroff Company, Inc., 497 F.2d 280 (2d Cir. 1974). In Baroff, we traced in detail the legislative history and purpose of the statute. We pointed out that Congress intended to protect the public customer "as *investor* and *trader*, not . . . others who might become creditors of the broker-dealer for independent reasons." 497 F.2d at 283. (Emphasis supplied) Appellants maintained neither investment nor trading accounts with Executive. While appellant Yale may have used the proceeds of the loan to carry on other investment activity, such subsequent investments were not made through Executive.

Appellants were secured creditors and retained a contractual right to demand additional cash collateral from Executive in the event the securities lent rose in value. As in Baroff, the instant loan agreements do not bear "the indicia of the fiduciary relationship between a broker and his public customer, but rather the characteristics of, at most, an ordinary debtor-creditor relationship." 497 F.2d at 284.

Because we agree with the courts below that appellants are not within the class of traders or investors that Congress intended to protect as "customers" under the Act, the judgment is affirmed.

---

* U.S. District Judge for the District of Connecticut, sitting by designation.

1. Section 6(c)(2)(A)(ii) provides in part that "customers" means:

"persons (including persons with whom the debtor deals as principal or agent) who have claims on account of securities received, acquired, or held by the debtor from or for the account of such persons . . . by way of loans of securities by such persons to the debtor."